UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ERIC STUPAK, Court File No. 3:24-cv-00291-JDP

Plaintiff,

vs. **AMENDED COMPLAINT**

MONT DU LAC SNOWSPORTS, LLC
and NOVA CASUALTY COMPANY,

Defendants.

---

COMES NOW the Plaintiff, Eric Stupak, who for his cause of action against Defendants Mont du Lac Snowsports, LLC and Nova Casualty Company herein states and alleges:

1) Plaintiff has, at all relevant times, been an adult citizen of the City of Duluth, County of St. Louis, State of Minnesota.

2) Defendant Mont du Lac Snowsports, LLC is, upon information and belief, a Wisconsin company with a principal place of business in the City of Superior, County of Douglas, State of Wisconsin.

3) Defendant Nova Casualty Company is, upon information and belief, an insurer domiciled in the State of New York that issued a policy of liability insurance to Defendant Mont du Lac Snowsports, LLC to pay sums of money for losses and damages sustained in the June 19, 2022 incident as described herein and is therefore a proper Defendant in this action pursuant to Wis. Stat. § 632.24.

4) The amount in controversy, exclusive of costs and disbursements, exceeds $75,000.00. Jurisdiction is founded on the provision of Title 28, U.S.C., §1332.

5) Prior to June 19, 2022, Plaintiff purchased a season pass from Defendant Mont du Lac Snowsports, LLC that allowed him access to various recreational amenities on Defendant Mont du Lac Snowsports, LLC's premises located at 3125 South Mont du Lac Drive, City of Superior, County of Douglas, State of Wisconsin (commonly and hereinafter referred to as "Mont du Lac Resort").

6) At all material times, Defendant Mont du Lac Snowsports, LLC was an employer and Mont du Lac Resort a "place of employment or public building" pursuant to Wis. Stat. § 101.11.

7) At all material times, Plaintiff was a "frequenter" of Mont du Lac Resort pursuant to Wis. Stat. § 101.11.

8) Pursuant to Wis. Stat. § 101.11, Defendant Mont du Lac Snowsports, LLC owed Plaintiff the following duties:

a) To ensure that Mont du Lac Resort was safe for Plaintiff;

b) To "furnish and use safety devices and safeguards" and "adopt and use methods and processes reasonably adequate to render" Mont du Lac Resort safe for Plaintiff;

c) To "do every other thing reasonably necessary to protect the life, health, safety, and welfare" of Plaintiff; and,

d) To construct, repair or maintain Mont du Lac Resort "as to render the same safe" for Plaintiff.

9) On June 19, 2022, Plaintiff visited Mont du Lac Resort as a business invitee of Defendant Mont du Lac Snowsports, LLC at which point he was provided access to the "tube slides" by an agent/representative/employee of said Defendant. While riding down a "tube slide" that day, Plaintiff's tube left the slide track and he sustained severe and grievous bodily injuries causing him to spend several weeks in the hospital (including over a week in the intensive care unit).

10) On and before June 19, 2022, Defendant Mont du Lac Snowsports, LLC was careless, negligent, reckless, or willful in its construction, operation, and maintenance of its premises at Mont du Lac Resort. That carelessness, negligence, recklessness, or willfulness was a violation of Wis. Stat. § 101.11 and a direct and proximate cause of the injuries and losses suffered by Plaintiff on June 19, 2022 as described herein.

11) Defendant Mont du Lac Snowsports, LLC was careless, negligent, reckless, or willful on or before June 19, 2022 by:

a) Failing to safely construct the tube slides on which Plaintiff was injured on June 19, 2022;

a) Failing to install and properly maintain the "bumpers" and other safety measures on the tube slides on which Plaintiff was injured on June 19, 2022 even though Defendant Mont du Lac Snowsports, LLC knew or should have known that the tube slides were not ready for use and unsafe.

b) Failing to fully inflate and properly maintain the tubes for use on the tube slides on which Plaintiff was injured on June 19, 2022 even though Defendant Mont du Lac Snowsports, LLC knew and should have known that the tubes were not fully inflated and therefore unsafe for use by business invitees (including Plaintiff);

c) Inviting business invitees such as Plaintiff to use the tube slides even though Defendant Mont du Lac Snowsports, LLC knew and should have known that the tubes and tube slides were not ready for use and unsafe.

d) Failing to instruct and warn business invitees (including Plaintiff) about safe use of the tubes and tube slides on which Plaintiff was injured on June 19, 2022 even though Defendant Mont du Lac Snowsports, LLC knew and should have known that the tube slides were not ready for use and unsafe.

e) Failing to supervise and monitor business invitee use (including Plaintiff's) of the tubes and tube slides on which Plaintiff was injured on June 19, 2022 even though Defendant Mont du Lac Snowsports, LLC knew and should have known that the tube slides were not ready for use and unsafe.

12) Defendant Mont du Lac Snowsports, LLC's omissions described herein violated its duty owed Plaintiff under Wis. Stat. § 101.11.

13) As a direct and proximate result of the carelessness, negligence, recklessness, or willfulness of Defendant Mont du Lac Snowsports, LLC, Plaintiff suffered severe injuries to his mind and body including, but not limited to, fractures to his spine, ribs, and hips; dislocated legs; punctured lung; head injury; and additional injuries.

14) These injuries have caused Plaintiff:

a) Past, ongoing, and future pain and suffering;

b) Past, ongoing, and future interference with his activities of daily living and ability to enjoy life;

c) Past and ongoing wage loss and impaired ability to earn future income;

d) Past, ongoing, and future medical expenses; and,

e) Permanent injuries.

15) Defendants are liable to Plaintiff or all of his injuries and losses.

16) Plaintiff has suffered past wage loss and past medical expenses in excess of $500,000.00; past disability, pain, and loss of quality of life; and will incur future medical expenses, disability, pain, impaired earning capacity, and loss of quality of life, all to his damage.

WHEREFORE, Plaintiff demands judgment as follows:

A) Judgment in favor of the Plaintiff and against Defendants in an amount that to be determined by the Court and jury;

B) For costs, disbursements, interest, and attorney’s fees incurred by Plaintiff in this action; and,

C) For such other and further relief as the Court may deem appropriate.

DATED: May 17, 2024

FALSANI, BALMER, PETERSON & BALMER

BY /s/*Stephanie M. Balmer*

STEPHANIE M. BALMER (1065221)
1200 Alworth Building
306 West Superior Street
Duluth, Minnesota 55802-1800
Telephone: (218) 723-1990
Email: smbalmer@falsanibalmer.com
Attorneys for Plaintiff