IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ERIC STUPAK,

                           Plaintiff,

  v.                                                OPINION and ORDER

MONT DU LAC SNOWSPORTS LLC                  24-cv-291-jdp
and NOVA CASUALTY COMPANY,

                           Defendants.

---

The court decided this case on summary judgment and entered judgment for defendants, who timely submitted a bill of costs. Plaintiff Eric Stupak has appealed, and he asks the court to stay imposition of costs until resolution of his appeal and objects to certain portions of the bill of costs. For the reasons below, the court will deny the motion to stay imposition of costs and direct the clerk of court to tax costs in an adjusted amount.

BACKGROUND

Stupak brought tort claims under Wisconsin law against defendant Mont du Lac Snowsports, LLC and its insurer concerning injuries he suffered at Mont du Lac's ski resort. The court granted summary judgment to defendants. Dkt. 62. Defendants filed a bill of costs for $11,181.05, primarily for deposition transcript fees. Dkt. 64 & Dkt. 65.

Stupak appealed the court's final judgment in this case, Dkt. 66. Now he asks to stay the imposition of costs and objects to the taxation of expedited deposition costs. Dkts. 70–72.

ANALYSIS

To support his request for a stay, Stupak cites this court's decision in *Uebelacker v. Rock*

*Energy Cooperative*, which granted a plaintiff's request to stay enforcement of the award of costs pending appeal without a bond. No. 21-cv-177-jdp, 2022 WL 2046210 (W.D. Wis. June 7, 2022). Stupak does not say whether he is requesting that the court stay enforcement without a bond or explain why he believes a stay of enforcement is appropriate under the circumstances of this case.

The court will deny Stupak's request to stay the imposition of costs. As the court explained in *Uebelacker*, courts have "inherent authority to require a party to post a bond for costs on case-by-case basis." *See Anderson v. Steers, Sullivan, McNamar & Rogers*, 998 F.2d 495, 496 (7th Cir. 1993). In *Uebelacker*, the court granted plaintiff's motion to stay the award of costs without paying a bond because the total amount of costs was $2,093.50. Defendants had not responded to the plaintiff's motion, and nothing in that case suggested that defendants would have difficulty collecting the costs if plaintiff lost her appeal.

Here, the requested costs are more than five times greater than the costs at issue in *Uebelacker*. And, unlike the defendants in *Uebelacker*, defendants oppose Stupak's motion to stay. Defendants assert that Stupak's gross weekly pay is $1,400 and "anticipate it may be difficult to collect from [Stupak] as [Stupak] has not provided any evidence of his ability to pay." Dkt. 73. Stupak's motion does nothing to address the issue of his ability to pay or willingness to pay a bond, so the court agrees that there is reason to be concerned about Stupak's ability to pay.

Stupak makes only one objection to the amount of costs: that the expense of expedited transcripts was unwarranted. Defendants explain that they had to request expedited copies of the transcripts from Stupak and his expert's depositions because they occurred less than two weeks before the dispositive motion deadline. Dkt. 73. The parties' correspondence about

2

scheduling depositions shows that defendants attempted to schedule the depositions earlier but were forced to conduct the depositions the week before the dispositive motion deadline because of the witnesses' scheduling constraints. Dkt. 74-2; Dkt. 74-6. Under those circumstances, it was reasonable and necessary for defendants to order expedited transcripts to be able to use them in support of defendants' motion for summary judgment. So the court will overrule Stupak's objection to taxations of the cost of expedited transcripts.

Although Stupak raised no other objections, defendants' submissions in support of their bill of costs have three additional problems that affect the award of costs. First, defendants' bill of costs requests for $20 in "docket fees under 28 U.S.C. § 1923." Dkt. 64. But § 1923 awards $20 as attorney's "docket fees" in cases in which there was a "trial or final hearing." Defendants do not explain why it would apply to this case, which was decided at summary judgment on the briefs. In any case, an award of costs, even for categories authorized by statute, is discretionary. *Crawford Fitting Co. v. J. T. Gibbons, Inc.*, 482 U.S. 437, 441 (1987). The court declines to tax the archaic $20 docketing fee here, especially against a plaintiff with limited resources.

Second, defendants assert that they paid Lance Miller, an expert who had been retained by Stupak, to appear at his deposition. Dkt. 65, ¶ 6. But the invoice from Miller for $1,872.50 that defendants submitted in support of their bill of costs does not support this assertion. The invoice is addressed to *plaintiff's* counsel and says that "an engagement fee has been applied to this invoice." Dkt. 65-2, at 3. But even if defendants had paid the hourly fee, those hourly fees are not taxable as costs. *State of Ill. v. Sangamo Const. Co.*, 657 F.2d 855, 865 (7th Cir. 1981). The court will deduct $1,872.50 from the requested costs.

3

Third, defendants assert that they "bore costs for the initial Court filing fee of $249.00." Dkt. 65, ¶ 7. But the filing fee in this court is $405, and that is paid by the plaintiff when he files his complaint. Defendants do not explain why they are seeking reimbursement for a filing fee of $249.00 and no document supports such a claim. The court will deduct $249.00 from the requested costs.

ORDER

IT IS ORDERED that:

1. Plaintiff Eric Stupak's motion to stay imposition of costs, Dkt. 71, is DENIED.

2. The clerk of court is directed to tax costs in the amount of $9,039.55.

Entered July 21, 2025.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge